**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MCGIP, LLC,<br><br>      Plaintiff,<br>   v.<br><br>DOES 1-26,<br><br>      Defendants. | **NO: 11-CV-03679 EJD**<br><br>**ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO TAKE LIMITED EXPEDITED DISCOVERY**<br><br>[Re: Docket No. 4] |

In this action, Plaintiff MCGIP, LLC ("Plaintiff") asserts claims for copyright infringement pursuant to 17 U.S.C. § 101 *et seq.*, and for civil conspiracy. See Docket Item No. 1 ("Complaint"). Plaintiff claims to have identified the Internet Protocol ("IP") addresses of the allegedly infringing Does defendants, and seeks permission to take limited, expedited discovery in order to obtain the names and contact information of the individuals associated with the addresses. *Ex Parte* Application for Expedited Discovery ("Motion"), Docket Item No. 4. Plaintiff requests the Court allow it to serve subpoenas on certain Internet Service Providers ("ISP's") to obtain information identifying the Doe defendants so that it can complete service of process. *Id.* at 1-9.

As discussed below, Plaintiff has demonstrated that: (1) the Doe defendants are real people who may be sued in federal court; (2) it has attempted unsuccessfully to identify the Doe defendants prior to filing this motion; (3) its infringement and civil conspiracy claims against the Doe defendants could survive a motion to dismiss; and (4) there is a reasonable likelihood the service of proposed subpoenas on the ISPs would lead to information identifying the Doe defendants. The

1

NO. 11-CV-03679 EJD
ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO TAKE LIMITED EXPEDITED DISCOVERY (EJDLC2)

Court therefore finds good cause exists to allow Plaintiff to engage in this preliminary discovery. Accordingly, the Court **GRANTS** Plaintiff's motion as specifically stated below.

## I. BACKGROUND

Plaintiff alleges that is a Minnesota-based limited liability company that is the exclusive holder of the BitTorrent protocol reproduction and distribution rights with respect to a video entitled "Dynamic Booty 6," the copyrighted creative work at issue in this Complaint. Complaint at ¶¶ 6-7. According to Plaintiff, each of the 26 Doe defendants illegally reproduced and distributed the copyrighted work to numerous third parties through a peer-to-peer file sharing network. Based on this conduct, Plaintiff asserts that each of the Doe defendants has infringed on Plaintiff's exclusive rights in "Dynamic Booty 6" protected under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, thereby causing economic and reputation damages to Plaintiff. *Id.* at ¶¶ 31-37. Plaintiff also claims that each of the Doe defendants participated in a common-plan civil conspiracy to unlawfully reproduce and distribute the work, causing economic and reputation damage to Plaintiff. *Id.* at ¶¶ 38-45.

Because the peer-to-peer file sharing network that the Doe defendants utilized is partially anonymous, Plaintiff does not know the defendants' names and addresses, and, as a result, is unable to complete service of process on them. Motion at 6-7. However, Plaintiff has been able to identify the IP assigned to each of the Doe defendants and the date and time that each defendant allegedly infringed on Plaintiff's copyrighted work. *Id*. Additionally, Plaintiff has identified the ISP for each of the IP addresses. *Id*. Plaintiff therefore requests that, pursuant to Federal Rules of Civil Procedure 26(d), the Court grant it leave to serve Rule 45 third-party subpoena on each ISP listed in Exhibit A of the Complaint that assigned an IP address to the Doe defendant so that Plaintiff may obtain the names and contact information of the Doe defendants to effect service of process on them. *Id.* at 1-3.

## II. DISCUSSION

**A.** <u>**Legal Standard for Leave to Take Expedited Discovery**</u>

A court may authorize early discovery before the Rule 26(f) conference for the parties' and

witnesses' convenience and in the interest of justice. Fed. R. Civ. P. 26(d). Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" for the early discovery. See, e.g., IO Group, Inc. v. Does 1-65, No, C 10-4377 SC, 2010 WL 4055667, at *2 (N.D. Cal. Oct. 15, 2010). When the identities of defendants are not known before the complaint is filed, a plaintiff "should be given an opportunity through discovery to identify the unknown defendants unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). In evaluating whether a plaintiff establishes good cause for attempting to learn the identity of Doe defendants through early discovery, courts examine whether plaintiff (1) has identified the Doe defendants with sufficient specificity that the court can determine that the defendants are real people who can be sued in federal court, (2) has recounted the steps it has taken to locate and identify the defendant, (3) has demonstrated that the action can withstand a motion to dismiss, and (4) has proved that the discovery is likely to lead to identifying information that will permit service of process. Columbia Ins. v. seescandy.com, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

**B.      Plaintiff Has Shown Good Cause**

Here, Plaintiff has made sufficient showing under each of the four factors listed above to establish good cause to permit it to engage in early discovery to identify the Doe defendants.

First, Plaintiff has identified the Doe defendants with sufficient specificity by submitting a chart listing each of the defendants by the IP address assigned to them on the day Plaintiff alleges the particular defendant engaged in the infringing conduct. See Exh. A to Complaint, Docket Item No. 1-1; Declaration of Peter Hansmeier in Support of *Ex Parte* Application for Leave to Take Expedited Discovery ("Hansmeier Decl.") at ¶ 2.

Second, Plaintiff has adequately described the steps taken to locate and identify the Doe defendants.  Specifically, Plaintiff investigated and collected data on unauthorized distribution of copies of "Dynamic Booty 6" on BitTorrent-based peer-to-peer networks. Hansmeier Decl. at ¶¶ 12-20.  The data that Plaintiff gathered, separated out by Doe defendant, is listed in Exhibit A to the Complaint and includes each defendant's IP address, the ISP that assigned that ISP address, and the

date and time the defendant infringed on Plaintiff's copyrighted work. Exh. A to Complaint. However, Plaintiff has been unable to further identify the Doe defendants.

Third, Plaintiff has pled the essential elements to state a claim for copyright infringement and a claim for civil conspiracy against the Doe defendants. Complaint, ¶¶ 31-45.

Fourth, Plaintiff has demonstrated that the proposed subpoena seeks information likely to lead to identifying information that will allow Plaintiff to effect service of process on the Doe defendants. Specifically, the proposed subpoena requests that each ISP produce information sufficient to identify the Doe defendant who has subscribed to its service, including the defendant's name, address, telephone number, email address, and media access control address. Motion at 25.

Taken together, the Court finds that the foregoing factors demonstrate good cause to grant Plaintiff leave to conduct early discovery to identify the Doe defendants. See Semitool, Inc. v. Tokyo Elctron Am., Inc., 208 F.R.D. 273, 275-77 (N.D. Cal. 2002). Further, the Court finds that early discovery furthers the interest of justice and poses little, if any, inconvenience to the subpoena recipients. Permitting Plaintiff to engaged in this limited, early discovery is therefore consistent with Rule 26(d).

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's *Ex Parte* Application for Leave to take Limited Expedited Discovery as follows:

1. **IT IS HEREBY ORDERED** that Plaintiff immediately serve Rule 45 subpoenas on the ISPs listed in Exhibit A to the Complaint to obtain information to identify each Doe Defendant, including the name, address, telephone numbers, email addresses, and media access control information. Each subpoena shall have a copy of this Order attached.

2. **IT IS FURTHER ORDERED** that each ISP will have (30) days from the date of service upon them to serve the subscribers of the IP addresses with a copy of the subpoena and a copy of this Order. The ISPs may serve the subscribers using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service.

3. **IT IS FURTHER ORDERED** that subscribers shall have (30) days from the date of service upon them to file any motions in this Court contesting the subpoena (including motion to quash or modify the subpoena). If that 30-day period lapses without a subscriber contesting the subpoena, the ISPs shall have five (5) days to produce the information responsive to the subpoena to Plaintiff.

4. **IT IS FURTHER ORDERED** that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

5. **IT IS FURTHER ORDERED** that any ISP that receives a subpoena pursuant to this Order shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. Any ISP that receives a subpoena and elects to charge for the costs of production shall provide Plaintiff with a billing summary and cost reports that serve as a basis for such billing summary and any costs claimed by such ISP.

6. **IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of this Order along with any subpoenas issued pursuant to this Order to the necessary entities.

7. **IT IS FURTHER ORDERED** that any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff *solely* for the purpose of protecting Plaintiff's rights as set forth in its Complaint.

**IT IS SO ORDERED.**

Dated: August 9, 2011

EDWARD J. DAVILA
United States District Judge

NO. 11-CV-03679 EJD
ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO TAKE LIMITED EXPEDITED DISCOVERY (EJDLC2)